UNITED STATES of America, Plaintiff,

v.

Manuel VIERA, Defendant.

No. 93–10007–CR.

United States District Court,
S.D. Florida.

Feb. 19, 1993.

82

Allan Kaiser, Asst. U.S. Atty., Miami, FL, for plaintiff.

J.C. Codias, Miami, FL, for defendant.

## ORDER REVERSING MAGISTRATE'S ORDER SETTING BOND

JAMES LAWRENCE KING, District Judge.

THIS CAUSE comes before the Court upon the Government's Appeal of the Magistrate Judge's Order Denying the Government's Pre–Trial Detention Request. The Defendant has filed an Answer to the Government's Appeal.

■ The Defendant in this case has been charged with conspiracy to import cocaine, in violation of 21 U.S.C. § 963, and importation of cocaine, in violation of 21 U.S.C. § 952(a). Under 18 U.S.C. § 3142(e), when a person is charged with a crime as described above, the creation of a rebuttable presumption arises that no condition or combination of conditions will reasonably assure the safety of any other person and the community. With the presence of this statutory presumption, "the defendant carries the bur-

den of production to come forward with evidence to rebut the presumption[ ]." *U.S. v. Quartermaine,* 913 F.2d 910, 916 (11th Cir. 1990). Although the statutory presumption places a burden of production on a defendant, the burden of persuasion concerning dangerousness remains on the Government.[1] *United States v. King,* 849 F.2d 485, 488 (11th Cir.1988) (citations omitted). The type of evidence a defendant must produce "suggest[s] that he ... [was] either not dangerous or not likely to flee if turned loose on bail." *U.S. v. Hurtado,* 779 F.2d 1467, 1479 (11th Cir.1985). If the Defendant produces such evidence, the presumption does not disappear but "remains in the case as an evidentiary finding militating against release, to be weigh[ed] along with other evidence relative to factors listed in section 3142(g)." *United States v. King,* 849 F.2d 485, 488 (11th Cir. 1988) (quoting *United States v. Portes,* 786 F.2d 758, 764 (7th Cir.1985) (citation omitted)).

At the detention hearing, the evidence produced by the Defendant to rebut the statutory presumption took the form of rebuttal argument as to the proffered allegations made against him by the Government, and use of an affidavit of a U.S. Drug Enforcement Agent to demonstrate a lack of participation in the alleged conspiracy. In its Answer to the Government's Appeal, the Defendant lists his history of residency in the United States, his family ties and his employment status.

■ The Government argues in its Appeal that the Magistrate Judge erred as a matter of law in finding that the Government had not shown by clear and convincing evidence the Defendant's danger to the community. The evidence proffered by the Government included the Defendant's attendance at one of several meetings to discuss the importation of approximately 1,300 kilograms of cocaine into the Florida Keys; the attendance of the Defendant and Co–Defendant at meeting on a boat at sea with a confidential informant to pick up the subject cocaine and that during the meeting, the Co–Defendant forced the confidential informant, at gun-

1. The Government's burden of persuasion is set forth in 18 U.S.C. § 3142(f) which provides that a finding of "dangerousness" must be supported by "clear and convincing evidence."

point, to take certain action in an attempted "rip-off" plan. And finally, a search warrant executed on a Co–Defendant's home revealed a cache of weapons.

Upon review of the evidence offered at the detention hearing, the Court concludes that the Defendant has failed to provided sufficient evidence to rebut the statutory presumption of dangerousness and the Government has shown by clear and convincing evidence the Defendant's danger to the community.

The Court finds the nature of the charged offense and the significant quantity of narcotics alleged to be involved, clearly establish that the Defendant has the ability and propensity to import a massive amount of drugs into the United States.

The Federal Judges of the Southern District of Florida dealing, as they do, with an overwhelming number of serious narcotics cases, fully appreciate the danger associated with the trafficking and importation of narcotics into this community. *See United States v. Miranda,* 442 F.Supp. 786 (1977).[2] In *Miranda* this Court noted:

"Drug trafficking represents a serious threat to the general welfare of this community. Drug importation and its eventual sale is directly involved in the furtherance of drug dependance and is conducive to the proliferation of crimes related thereto."

*Id.* at 792. Though made some sixteen years ago, this Court's statement that "[t]rafficking in drugs is a social hazard" and "[e]very dealer of substantial quantities is a danger to society" still rings true today. *Id.* at 795.

The Court emphasizes that this Order of Pre–Trial Detention shall in no way hinder the Defendant's right to have this case tried promptly. The Defendant is in custody and is entitled to an immediate trial if he so desires. The Court stands ready to try the matter at any time the Defendant and his lawyer are ready. This case is presently set for trial on April 26, 1993, in Key West Florida. However, since the Defendant is now in pre-trial detention by virtue of this Order, a new trial date shall be scheduled as set forth below.

---

**2.** The Court recognizes that *Miranda* dealt with a petition to be released on bond pending appeal

Accordingly, after careful review of the record, and the Court being otherwise fully advised, it is

ORDERED and ADJUDGED that the Magistrate's Order Denying Pre–Trial Detention and Order on Bond Motion be, and the same is hereby REVERSED and REVOKED. It is further

ORDERED and ADJUDGED that the Government's request for Pre–Trial Detention be, and the same is hereby GRANTED. The Court directs that the Defendant continue to be committed to the custody of the Attorney General for confinement, pending trial in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The Defendant shall be afforded reasonable opportunity for private consultation with counsel. It is further

ORDERED and ADJUDGED that the above-styled case is hereby set for trial at the United States Courthouse, 301 Simonton Street, Key West, Florida, for the trial period commencing March 29, 1993. Calendar call is hereby scheduled for March 25, 1993, at 2:00 p.m., at the United States Courthouse, Eleventh Floor, 301 North Miami Avenue, Miami, Florida.

DONE and ORDERED.

---

after conviction, but the relevant language is nevertheless applicable.